IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DISANTIS, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED CONSTRUCTION, LLC, *et al.* <br><br> Defendants. | FIRST AMENDED INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT <br><br> CIVIL ACTION NO: 1:17-cv-11379 (JBS) (KMW) <br> Honorable Jerome B. Simandle <br><br> **JURY TRIAL DEMANDED** |

**FIRST AMENDED INDIVIDUAL, COLLECTIVE AND CLASS ACTION COMPLAINT**

John DiSantis and Victor Hunter (hereinafter "Named Plaintiffs"), on behalf of themselves and those similarly situated (hereinafter referred to as "Collective Plaintiffs" with regards to claims under federal law, "Class Plaintiffs" with regards to claims under state law, "Plaintiffs" collectively), by and through undersigned counsel, hereby complain as follows against Defendants Allied Construction d/b/a Allied Energy Efficiency Experts, Inc. ("Defendant Allied"), and John Does 1-10 (hereinafter collectively referred to as "Defendants").

**INTRODUCTION**

1. Named Plaintiffs have initiated the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the New Jersey Wage Payment Law ("NJWPL"), the New Jersey Wage and Hour Law ("NJWHL") and Named Plaintiffs' common law rights. Named Plaintiffs assert that Defendants failed to pay Named Plaintiffs and those similarly situated proper overtime wages in violation of the FLSA and the NJWHL. Named Plaintiffs further assert that Defendants failed to pay Named Plaintiffs and those similarly situated all earned commissions and/or earned non-discretionary bonuses, in violation of the NJWPL and New Jersey common law.

1

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*. This Court has supplemental jurisdiction over Named Plaintiffs' state law claims because those claims arise out of the same nucleus of operative fact as the FLSA claims.

4. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this jurisdictional district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 29 U.S.C. § § 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff John DiSantis (hereinafter "Named Plaintiff DiSantis") is an adult individual who resides at 2315 Frederick Avenue, Wilmington, DE, 19805.

8. Named Plaintiff Victor Hunter (hereinafter "Named Plaintiff Hunter") is an adult individual whose primary mailing address is P.O. Box 45252, Philadelphia, PA 19124.

9. "Unpaid Wages Class Plaintiffs" refers to current and/or former employees of Defendants who earned commissions and/or non-discretionary bonuses within the last six (6) years.

10. "Overtime Class Plaintiffs" refers to current and/or former employees of Defendants who worked more than forty (40) hours in one workweek for Defendants within the last three (3) years.

11. Defendant Allied Construction d/b/a Allied Energy Efficiency Experts, Inc. (hereinafter "Defendant Allied") is an entity with an address as set forth above.

12. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the policies and practices of Defendants which resulted in Defendants' failure to pay Named Plaintiffs all commissions earned pursuant to the NJWPL.

13. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiffs.

14. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiffs bring these actions for violations of the FLSA as an individual action and as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who performed/perform work as Community Representatives, Surveyors,

Technicians, and in similar capacities, for Defendants while having worked over forty (40) hours in one workweek at any point in the three (3) years preceding the date the instant action was initiated.

17. Specifically, Named Plaintiffs seek to represent a class of all persons presently and formerly employed by Defendants who worked/work for Defendants as Community Representatives, Surveyors, Technicians, and in similar capacities, and who were/are subject to Defendants' unlawful pay practices and policies described herein at any point from three (3) years prior to the filing of the instant matter to the present (members of this putative class are referred to herein as "Collective Action Plaintiffs").

18. Named Plaintiffs' claims are typical of the claims of Collective Action Plaintiffs because Named Plaintiffs, like all Collective Action Plaintiffs, were employees of Defendants within the last three years whom Defendants required to work for more than forty (40) hours in at least one workweek but to whom Defendants did not provide overtime compensation as is required by the FLSA.

19. Named Plaintiffs will fairly and adequately protect the interests of the Collective Action Plaintiffs because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

20. No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action. This class will be easily identifiable from Defendants' records.

21. There are numerous similarly situated current and former employees of Defendants who were not provided overtime compensation in violation of the FLSA and who

would benefit from the issuance of a Court Supervised Notice of and the opportunity to join the instant lawsuit.

22. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

23. Questions of law and fact that are common to the members of the collective action predominate over questions that affect only individual members of the collective action. Among the questions of law and fact that are common to the collective action is whether Defendants failed to pay putative collective action members overtime compensation in accordance with the FLSA.

24. Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

25. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

26. Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiffs bring their claims for relief to redress Defendants' violations of the NJWPL and the NJWHL on behalf of themselves and those similarly situated.

27. Specifically, Named Plaintiffs seek to represent a class of all persons presently and formerly employed by Defendants who worked/work for Defendants as Community Representatives, Surveyors, Technicians, or in similar capacities, in the three (3) year period preceding the filing of this Complaint and all persons presently and formerly employed by Defendants who worked/work for Defendants as Community Representatives, Technicians,

Auditors, or in similar capacities, in the six (6) year period preceding the filing of this Complaint (members of this putative class are referred to herein as "Class Plaintiffs").

28. Named Plaintiffs and Class Plaintiffs are similarly situated, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

29. Joinder of all class members is impracticable because the class is numerous and because it includes former employees, many of whom will be difficult to contact. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, upon information and belief, the number of potential class members is at least 40.

30. Named Plaintiffs' claims are typical of the claims of Class Plaintiffs, because Named Plaintiffs, like Class Plaintiffs, were employees of Defendants in New Jersey who were denied proper overtime compensation and/or all wages owed.

31. Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class. Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

32. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.

33. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

34. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the

questions of law and fact that are common to the class is whether Defendants failed to pay the putative class all wages owed by way of: (1) Defendants' failure to pay such employees all commission and non-discretionary bonuses earned while working for Defendants; and (2) Defendants' failure to pay employees overtime compensation when said employees worked more than forty (40) hours in one week.

35. Class Plaintiffs should be broken into two (2) subclasses consisting of the following; most class members will be members of both subclasses:

    a. <u>Unpaid Wages Class Plaintiffs</u>: Members of this subclass are similarly situated because all Unpaid Wages Class Plaintiffs were subject to the violations detailed under Cause of Action 1 of this Complaint within the last six (6) years. Named Plaintiffs DiSantis and Hunter are the representative plaintiffs for this subclass.

    b. <u>Overtime Class Plaintiffs</u>: Members of this subclass are similarly situated because all Overtime Class Plaintiffs were subject to the violations detailed under Cause of Action 2 of this Complaint within the last three (3) years. Named Plaintiffs DiSantis and Hunter are the representative plaintiffs for this subclass.

36. Therefore, Named Plaintiffs should be permitted to bring this action as a class action for and on behalf of themselves and those similarly situated.

## FACTUAL BACKGROUND

37. The foregoing paragraphs are incorporated herein as if set forth in full.

38. Named Plaintiff DiSantis worked for Defendants as a Technician from in or around late April and/or early May 2015 to in or around April 2017.

39. Named Plaintiff Hunter worked for Defendants as a Community Representative from in or around early February 2017 to on or around August 11, 2017.

40. Defendants assist customers in making their homes more energy efficient by performing energy efficiency assessments on homes in order to develop a customized home performance and energy savings program for its consumers.

41. As their primary service, Defendants inform and counsel customers on the benefits of government incentive programs such as the "Home Performance with ENERGY STAR® ("Energy Star") program and the New Jersey Clean Energy Program ("NJ Clean Energy Program").

42. Named Plaintiffs and those similarly situated were employed as Community Representatives, Surveyors, Technicians, and in similar capacities for Defendants.

43. Surveyors visit homes of potential customers in order to provide information about Defendants' services and the Energy Star program, gauge homeowners' interest in participating in the Energy Star program or the NJ Clean Energy Program with Defendants' aid and to schedule appointments for Defendants' Technicians to visit homes owned by said homeowners.

44. Technicians attend appointments that had been previously scheduled by Defendants' Surveyors in order to provide homeowners with additional information about Defendants' services and the government incentive programs available to them, to perform a "mini-audit" on the home in order to assess energy efficiency, and to schedule appointments for Defendants' Auditors to visit homes owned by said homeowners.

45. Auditors attend appointments that had previously been scheduled by Defendants' Technicians in order to perform energy efficiency assessments and energy efficiency audits on

potential customers' homes. Once a customized assessment has been made, Defendants' Auditors obtain installation agreements from homeowners, permitting Defendants to provide services to same and to complete the paperwork required to assure that customers' homes qualify for the government incentive programs that Defendants promote.

46. In or around the beginning of 2017, Defendants changed their operation, utilizing Community Representatives in place of Surveyors as a first point of contact with potential customers.

47. Community Representatives canvas neighborhoods, traveling door-to-door in order to promote Defendants' services to homeowners, setting up appointments with Defendants' other employees.

48. Throughout their employment for Defendants, Named Plaintiffs and those similarly situated were not paid all commissions and/or non-discretionary bonuses earned, and did not receive overtime compensation despite working more than forty (40) hours in many workweeks.

### CAUSE OF ACTION NO. 1
### Failure to Pay all Commissions and/or Non-Discretionary Bonuses Earned

49. The foregoing paragraphs are incorporated herein as if set forth in full.

50. Defendants compensated Named Plaintiffs and those similarly situated by paying them commissions and/or non-discretionary bonuses for certain achievements.

51. Throughout the course of their employment with Defendants, Defendants failed to compensate Unpaid Wages Class Plaintiffs for all earned commissions and non-discretionary bonuses.

52. By way of example only:

    a. In or around September of 2015 Defendants agreed to pay Named Plaintiff DiSantis and those similarly situated $150 for each "mini-audit" that they completed, and $100 for each installation that was completed as a result of their work.

    b. Defendants agreed to pay Named Plaintiff DiSantis and those similarly situated these commissions by the end of the year, in December of 2015.

    c. From in or around September of 2015 through December of 2015, Named Plaintiff DiSantis completed approximately 150 mini-audits and his work resulted in a number of installation agreements being signed by Defendants' customers.

    d. Defendants failed to pay Named Plaintiff DiSantis for all of the commissions and/or non-discretionary bonuses Named Plaintiff DiSantis earned as a result of his work.

    e. After agreeing to pay these commissions, Defendants never informed Named Plaintiff DiSantis that he would no longer receive commissions.

    f. Defendants never paid Named Plaintiff DiSantis all of his earned commissions and/or non-discretionary bonuses.

    g. Upon information and belief, Defendants applied this illicit policy of denying earned wages to all of its employees.

53. By way of further example:

    a. From the beginning of his employment until in or around March 2017, Defendants agreed to pay Named Plaintiff Hunter a salary of $42,500 and a

$100 commission for each signed installation agreement that resulted from his work.

b. In or around March, 2017, Defendants changed Named Plaintiff Hunter's pay structure, agreeing to pay him a $750 commission for each signed installation agreement that resulted from his work.

c. Throughout his employment for Defendants, Named Plaintiff Hunter's work resulted in a number of installation agreements being signed by Defendants' customers.

d. Defendants did not pay Named Plaintiff Hunter all of his earned commissions and/or non-discretionary bonuses.

e. After agreeing to pay these commissions, Defendants never informed Named Plaintiff Hunter that he would no longer receive commissions.

f. Defendants applied this illicit policy of denying earned commissions to all of its employees.

54. As a result of Defendants' unlawful actions, Named Plaintiffs and Unpaid Wages Class Plaintiffs have been harmed.

## CAUSE OF ACTION NO. 2
### Failure to Pay Overtime Compensation

55. The foregoing paragraphs are incorporated herein as if set forth in full.

56. Throughout Named Plaintiff DiSantis' employment with Defendants, Named Plaintiff DiSantis was required to work at least fifty (50) hours per week, each week.

57. Plaintiff DiSantis did, in fact, work at least fifty (50) hours per week, almost every week of his employment.

58. From the beginning of his employment until on or around March 12th, 2017, Named Plaintiff Hunter was required to work at least forty-seven (47) hours per week.

59. From on or around March 12th, 2017 until the end of his employment, Named Plaintiff Hunter worked a minimum of 44 hours per week. In the alternating weeks, he was not required to work overtime, but would sometimes do so.

60. Throughout their employment for Defendants, Overtime Class Plaintiffs and Collective Action Plaintiffs regularly worked more than forty (40) hours per week.

61. Defendants failed to pay Named Plaintiffs, Overtime Class Plaintiffs and Collective Action Plaintiffs any extra compensation for any hours worked beyond 40 per workweek.

62. Defendants received a significant economic benefit in not paying extra compensation to Named Plaintiffs, Overtime Class Plaintiffs and Collective Action Plaintiffs for any hours worked beyond 40 per workweek by lowering their wage costs.

63. As a result of Defendants' unlawful conduct, Named Plaintiffs, Overtime Class Plaintiffs and Collective Action Plaintiffs have been harmed.

### COUNT I
### Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Compensation)
### (Named Plaintiffs and Collective Action Plaintiffs v. Defendants)

64. The foregoing paragraphs are incorporated herein as if set forth in full.

65. At all times relevant herein, Defendants were and continue to be "employers" within the meaning of the FLSA.

66. At all times relevant herein, Defendants were and are responsible for paying wages to Named Plaintiffs and Collective Action Plaintiffs.

67. At all times relevant herein, Named Plaintiffs and Collective Action Plaintiffs were employed with Defendants as "employees" within the meaning of the FLSA.

68. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of forty hours per workweek.

69. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiffs and Collective Action Plaintiffs overtime compensation for hours worked over 40 per workweek.

70. Defendants' conduct in failing to pay Named Plaintiffs and Collective Action Plaintiffs properly was and is willful and was and is not based upon any reasonable interpretation of the law.

71. As a result of Defendants' unlawful conduct, Named Plaintiffs and Collective Action Plaintiffs have been harmed.

## COUNT II
### New Jersey Wage and Hour Law
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiffs and Overtime Class Plaintiffs v. Defendants)**

72. The foregoing paragraphs are incorporated herein as if set forth in full.

73. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the New Jersey Wage and Hour Law.

74. At all times relevant herein, Named Plaintiffs and Overtime Class Plaintiffs were employed with Defendants as "employees" within the meaning of the New Jersey Wage and Hour Law.

75. Defendants' violations of the New Jersey Wage and Hour Law include, but are not limited to, failing to pay Named Plaintiffs and Overtime Class Plaintiffs overtime compensation for hours worked over 40 per workweek.

76. Defendants' conduct in failing to pay Named Plaintiffs and Overtime Class Plaintiffs overtime compensation for all hours worked beyond 40 per workweek violated the New Jersey Wage and Hour Laws.

77. As a result of Defendants' unlawful conduct, Named Plaintiffs and Overtime Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### New Jersey Wage Payment Law
**(Failure to Pay All Wages Due)**
**(Named Plaintiffs and Unpaid Wages Class Plaintiffs v. Defendants)**

78. The foregoing paragraphs are incorporated herein as if set forth in full.

79. Defendants agreed to Named Plaintiffs and Unpaid Wages Class Plaintiffs commissions and non-discretionary bonuses for various achievements.

80. However, Defendants failed to pay Named Plaintiffs and Unpaid Wages Class Plaintiffs for all of the commissions and non-discretionary bonuses due to them.

81. After agreeing to pay these commissions, Defendants never informed Named Plaintiffs and Unpaid Wages Class Plaintiffs that they would no longer receive commissions or non-discretionary bonuses.

82. Defendants' conduct in failing to pay Named Plaintiffs and Unpaid Wages Class Plaintiffs all owed wages violated the New Jersey Wage Payment Law.

83. As a result of Defendants' unlawful conduct, Named Plaintiffs and Unpaid Wages Class Plaintiffs have been harmed.

## COUNT IV
### New Jersey Common Law
**(Breach of Contract)**
**(Named Plaintiffs and Unpaid Wages Class Plaintiffs v. Defendants)**

84. The foregoing paragraphs are incorporated herein as if set forth in full.

85. Defendants agreed to Named Plaintiffs and Unpaid Wages Class Plaintiffs commissions and non-discretionary bonuses for various achievements.

86. However, Defendants failed to pay Named Plaintiffs and Unpaid Wages Class Plaintiffs for all of the commissions and non-discretionary bonuses due to them.

87. After agreeing to pay these commissions, Defendants never informed Named Plaintiffs and Unpaid Wages Class Plaintiffs that they would no longer receive commissions or non-discretionary bonuses.

88. Defendants' conduct in failing to pay Named Plaintiffs and Unpaid Wages Class Plaintiffs all owed wages breached their agreements with Named Plaintiffs and Unpaid Wages Class Plaintiffs, in violation of New Jersey common law.

89. As a result of Defendants' unlawful conduct, Named Plaintiffs and Unpaid Wages Class Plaintiffs have been harmed.

**WHEREFORE**, Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state wage and hour laws;

(2) Defendants are to compensate, reimburse, and make Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5)     Plaintiffs are to be awarded all other relief this Court deems just and proper.

(6)     Plaintiffs are to have a trial by jury;

(7)     Any and all other equitable relief which this Court deems fit.

                                        Respectfully Submitted,

                                        *s/ Travis Martindale-Jarvis*
                                        Travis B. Martindale-Jarvis, Esq.
                                        Joshua S. Boyette, Esq.
                                        **SWARTZ SWIDLER, LLC**
                                        1101 Kings Hwy N, Ste. 402
                                        Cherry Hill, NJ 08034
                                        Phone: (856) 685-7420
                                        Fax: (856) 685-7417

Date: March 16, 2018

## DEMAND TO PRESERVE EVIDENCE

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Plaintiffs' employment, to Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.