IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN DISANTIS and VICTOR HUNTER, on behalf of themselves and those similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ALLIED CONSTRUCTION, LLC and JOHN DOES 1-10.<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 17-11379 (JBS-KMW)<br><br>**<u>OPINION</u>** |

APPEARANCES:

Joshua S. Boyette, Esq.
Travis B. Martindale-Jarvis, Esq.
SWARTZ SWINDLER LLC
101 Kings Highway North, Suite 402
Cherry Hill, NJ 08034
    Attorneys for Plaintiff

Matthew Adam Green, Esq.
Lisa Michelle Koblin, Esq.
OBERMAYER REBMANN MAXWELL & HIPPELL LLP
200 Lake Drive East, Suite 110
Cherry Hill, NJ 08022
    Attorneys for Defendants

**SIMANDLE**, District Judge:

I. **INTRODUCTION**

    This is an action brought by Plaintiffs John DiSantis ("DiSantis") and Victor Hunter ("Hunter" and, collectively, "Named Plaintiffs"), on behalf of themselves and others similarly situated, against their former employer, Defendant

Allied Construction, LLC ("Allied" or "Defendant"). Plaintiffs generally allege that Allied failed to fully compensate them for overtime work performed and owed commissions and/or non-discretionary bonuses in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. § 34:11-4.1 et seq., the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-4.1 et seq., and the common law. Pending before the Court are three motions filed by Defendant: (1) a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), and 12(b)(5) [Docket Item 6]; (2) a motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Docket Item 14]; and (3) a motion to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). [Docket Item 19.] For the following reasons, the first and second motions will be denied as moot, and the third motion will be granted in part.

## II. BACKGROUND

### A. Factual Background

Allied is an energy efficiency specialization company that informs its customers of government incentive programs for improving their homes' energy efficiencies, assesses existing energy uses, and then creates programs to increase the homes' efficiencies. [Docket Item 25 ("Am. Compl.") at ¶¶ 11, 40-41.] During the relevant period, Allied's sales team included

Surveyors, Community Representatives, Technicians and Auditors. (Id. at ¶¶ 16, 26, 42.) Community Representatives first canvass neighborhoods to promote Allied's services and set up appointments.[1] (Id. at ¶¶ 46-47.) Then, Technicians attend these appointments to inform homeowners about Allied's services and the government programs, conduct a "mini-audit," and schedule a second appointment with an Auditor. (Id. at ¶ 44.) At these second appointments, Auditors assess each home's energy efficiency and acquire installation agreements for implementing a customized program. (Id. at ¶ 45.) Allied employed DiSantis as a Technician from May 2015 until April 2017, and Hunter as a Community Representative from February 2017 to August 2017. (Id. at ¶¶ 7-8, 38-39.)

In the Amended Complaint, Plaintiffs allege that Allied failed to fully compensate the "Collective Action Plaintiffs"[2] – which includes the "Overtime Class Plaintiffs"[3] for overtime work

---

[1] Initially, Surveyors acted as the first point of contact, but they were replaced by Community Representatives in early 2017. (Am. Compl. at ¶ 46.)

[2] As defined in the Amended Complaint, the "Collective Action Plaintiffs" are "a class of all persons presently and formerly employed by Defendants who worked/work for Defendants as Community Representatives, Surveyors, Technicians, and in similar capacities . . . ." (Am. Compl. at ¶ 17.)

[3] As defined in the Amended Complaint, "Overtime Class Plaintiffs" are "current and/or former employees of [Allied] who worked more than forty (40) hours." (Am. Compl. at ¶ 10.)

3

performed and the "Unpaid Wages Class Plaintiffs"[4] for commissions and/or non-discretionary bonuses - in violation of the FLSA, the NJWPL, the NJWHL, and the common law. Specifically, Plaintiffs bring claims against Allied for: 1) failure to properly compensate DiSantis, Hunter, and the Collective Action Plaintiffs for overtime work in violation of the FLSA (Count One); 2) failure to properly compensate DiSantis, Hunter, and the Overtime Class Plaintiffs for overtime work in violation of the NJWHL (Count Two); 3) failure to properly compensate DiSantis, Hunter, and the Unpaid Wages Class Plaintiffs for their owed commissions and/or non-discretionary bonuses in violation of the NJWPL (Count Three); and 4) breach of contract for failure to pay DiSantis, Hunter, and the Unpaid Wages Class Plaintiffs owed commissions and/or non-discretionary bonuses (Count Four). (Id. at ¶¶ 49-89.)

### B. Procedural History

On November 17, 2017, Plaintiffs filed the initial Complaint. [Docket Item 1.] Plaintiffs first attempted to serve Allied by delivering a copy of the Summons and Complaint to Ellen McDowell ("McDowell"), whom Plaintiffs believed was an attorney for Allied, on December 5, 2017. [Docket Item 5 at 1.]

---

[4] As defined in the Amended Complaint, "Unpaid Wages Class Plaintiffs" are "current and/or former employees of [Allied] who earned commissions and/or non-discretionary bonuses within the last six (6) years." (Am. Compl. at ¶ 9.)

4

On December 26, 2017, Allied moved to dismiss the Complaint for insufficient process pursuant to Fed. R. Civ. P. 12(b)(4), for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5), and for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) because, according to Allied, McDowell was neither Allied's representative nor authorized to accept service on Allied's behalf. [Docket Item 6 at 2.] On January 17, 2018, Plaintiffs served Allied again, this time by delivering a copy of the Summons and Complaint to Allied's managing agent. [Docket Item 8.] Allied agreed that the January 17th service was proper but declined to withdraw its first motion to dismiss. [Docket Item 12 at 4.] Plaintiffs subsequently filed a response brief in opposition to Allied's motion to dismiss [Docket Item 10] and Allied filed a reply brief. [Docket Item 12.]

Allied next moved to dismiss the Complaint in part pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, inter alia, that Plaintiffs' breach of contract claim was preempted by the FLSA and that Plaintiffs had failed to set forth a claim for Auditors upon which relief can be granted. [Docket Item 14.] Rather than respond to the second motion to dismiss, Plaintiff filed a consent motion (i.e., a motion with Defendant's consent) for leave to file an Amended Complaint. [Docket Item 16.] The

5

Court granted the unopposed motion [Docket Item 17], and the Amended Complaint was filed.[5] [Docket Item 25.]

Thereafter, Allied filed a motion to dismiss the Amended Complaint in part pursuant to Fed R. Civ. P. 12(b)(1) and 12(b)(6). [Docket Item 19.] In this motion, Allied avers that Plaintiffs' FLSA claim preempts the breach of contract claim in the Amended Complaint and so the latter should be dismissed. [Id. at 5-7.] Further, Allied asserts that claims on behalf of the Auditors should be dismissed because DiSantis and Hunter lack standing to represent them and because, as currently plead, the Amended Complaint does not assert any wrongful conduct by Allied towards Auditors. [Id. at 7-12.] Plaintiffs filed a response brief in opposition to Allied's motion to dismiss in part [Docket Item 21] and Allied filed a reply brief in support of its motion to dismiss in part. [Docket Item 24.]

The motions to dismiss are now fully briefed and will be decided without oral argument pursuant to Fed. R. Civ. P. 78.[6]

---

[5] Plaintiff filed the Amended Complaint without referring to or adopting the earlier Complaint. The Amended Complaint thereby supersedes the original Complaint. West Run Student Housing Assocs., LLC v. Huntington Nat'l Bank, 712 F.3d 165, 171 (3d Cir. 2013). Accordingly, and for good cause shown, Defendant's second motion to dismiss [Docket Item 14] will be denied as moot.

[6] The Court exercises subject matter jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' remaining claims pursuant to 28 U.S.C. § 1367.

6

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

A party may move under Fed. R. Civ. P. 12(b)(1) to dismiss a complaint for lack of subject matter jurisdiction. Because federal courts are courts of limited jurisdiction, the party seeking to invoke the court's jurisdiction bears the burden of proving the existence of subject matter jurisdiction. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). Under Fed. R. Civ. P. 12(b)(1), the court's jurisdiction may be challenged either facially (based on the legal sufficiency of the claim) or factually (based on the sufficiency of a jurisdictional fact). Gould Elecs. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000); see also A.D. v. Haddon Heights Bd. of Educ., 90 F. Supp. 3d 326, 334 (D.N.J. 2015) (explaining the same distinction).

Here, Defendant's 12(b)(1) motion appears to be a facial attack on the subject matter jurisdiction of the Court. [See Docket Item 19 at 13-16.] On a facial attack, the Court considers only the allegations of the Complaint and documents referenced therein, construing them in the light most favorable to plaintiff. Pearson v. Chugach Gvt. Svcs. Inc., 669 F. Supp. 2d 467, 469-70 (D. Del. 2009).

**B. Rule 12(b)(2)**

To defeat a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), "the plaintiff bears the burden of establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." Flagship Interval Owner's Ass'n, Inc. v. Philadelphia Furniture Mfg. Co., No. 09-1173, 2010 WL 1135736, at *3 (D.N.J. Mar. 22, 2010) (quoting Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987)). The plaintiff "must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence." Turner v. Boyle, No. 12-7224, 2013 WL 1409903, at *3 n. 1 (D.N.J. Apr. 8, 2013) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 (3d Cir. 1984)); Patterson by Patterson v. F.B.I., 893 F.2d 595, 603—04 (3d Cir. 1990). Courts may rely upon matters outside the pleadings to determine jurisdictional facts. Turner, 2013 WL 1409903, at *3 n. 1.

**C. Rules 12(b)(4) and 12(b)(5)**

Rules 12(b)(4) and 12(b)(5) respectively govern Defendant's motion to dismiss for insufficient process and for insufficient service of pleadings. [Docket Item 6.] "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied." Omni Capital Int'l Ltd. v. Rudolf Wolff & Co., 484

U.S. 97, 104 (1987). Under Fed. R. Civ. P. 12(b)(4), a party may file a motion asserting insufficient process as a defense. Additionally, under Fed. R. Civ. P. 12(b)(5), a party may file a motion asserting insufficient service of process as a defense. "When a party moves to dismiss under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity." Laffey v. Plousis, No. 05-2796, 2008 WL 305289, at *3 (D.N.J. Feb. 1, 2008), aff'd, 364 F. App'x 791 (3d Cir. 2010). Fed R. Civ. P. 4 establishes the procedural requirements that must be met for proper service under Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Among other conditions, Fed. R. Civ. P. 4(m) requires that service be effected within 90 days after the Complaint is filed.

  **D.**  **Rule 12(b)(6)**

Rule 12(b)(6) governs the Defendant's partial motion to dismiss the FLSA and NJWPL claims for failure to state a claim. [Docket Item 19 at 16-18.] Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not required, and "the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted). While a complaint is not required to contain detailed factual

allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

**IV. DISCUSSION**

    **A. Service of Process was Proper**

Defendant first asks this Court to dismiss Plaintiffs' claims in their entirety for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(4) and 12(b)(5) and lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

[Docket Item 6.] Specifically, Defendant argues that Plaintiffs failed to properly serve Allied with the Summons and Complaint in accordance with the Federal Rules of Civil Procedure by serving an attorney who did not represent Allied and who was never authorized to accept service on Allied's behalf. [Id. at 1.] Plaintiffs, in turn, argue that this motion to dismiss should be denied because, notwithstanding that McDowell was not actually an attorney for Allied, Allied's registered agent, Hal Pattolino, had actively avoided service on at least four occasions. Moreover, they argue that McDowell had told Plaintiff's process server that she was Mr. Pattolino's attorney and that documents intended for her client should be delivered to her personally. [Docket Item 10 at 1-2; see also Docket Item 5 at 4.] In the alternative, Plaintiffs argue that Defendant's first motion to dismiss is moot because of the second and undisputedly proper service of process. [Docket Item 10 at 1.]

A second attempt at service of process is valid provided it comports with the requirements of Fed. R. Civ. P. 4, including Rule 4(m)'s requirement that service of process be made within 90 days. Camara v. Stevens Transp., 2016 WL 8698532, at *5-6 (D.N.J. Jan. 8, 2016); see also Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992) (noting that a court should not dismiss a complaint for improper service of process when it is feasible to obtain proper service). Defendant concedes that, regardless of

11

whether Plaintiffs' service on McDowell was proper, service was properly effectuated by January 17, 2018 [Docket Item 12 at 4], which is well within 90 days of when the original Complaint was filed. Thus, service was proper. In any event, and as noted <u>supra</u>, the original Complaint has been superseded by the Amended Complaint [Docket Item 25], the filing of which Defendant consented to. [Docket Item 16.] Defendant makes no argument that Plaintiffs failed to properly serve the Amended Complaint. For these reasons, Allied's first motion to dismiss for insufficient service of process will be denied.

## B. The Breach of Contract Claim is not Preempted by the FLSA

Defendant asks this Court to dismiss Count Four of the Amended Complaint because Plaintiffs' breach of contract claims are preempted by the FLSA. [Docket Item 19 at 11-13.] Plaintiffs, in turn, argue that Count Four is not preempted by the FLSA because the breach of contract claims in the Amended Complaint are premised upon Defendant's refusal to compensate Plaintiffs and those similarly situated for commissions and/or non-discretionary bonuses, rather than Defendant's failure to pay Plaintiffs proper overtime wages. [Docket Item 21 at 7-9.]

The FLSA preempts state common law claims that "duplicate" or are based on "the same facts" as an FLSA overtime claim. <u>Gutwirth v. Woodford Cedar Run Wildlife Refuge</u>, 38 F. Supp. 3d

485, 489 (D.N.J. 2014) (quoting Adami v. Cardo Windows, Inc., 2014 WL 2586933, at *8 (D.N.J. June 10, 2014)); see also Kronick v. bebe Stores, Inc., 2008 WL 4509610, at *1 (D.N.J. Sept. 29, 2008) (holding that the FLSA preempted employees' common law claim alleging that their employer required them to work without taking breaks because it is based on the same facts as the employer's failure to compensate them for overtime); Moeck v. Gray Supply Corp., 2006 WL 42368, at *2 (D.N.J. Jan. 5, 2006) (finding that the FLSA preempted the employees' misrepresentation claim because the employer's misrepresentation that it would pay them overtime was based on the same facts as the employees' overtime claims). On the other hand, courts in this district have found that a state common law claim is not preempted by the FLSA when the common law claim is factually distinguishable from an overtime compensation claim. See, e.g., Adami, 2014 WL 2586933, at *8 (holding that plaintiffs' state common law claim for unjust enrichment was not based on the same facts and, therefore, not directly covered by the FLSA).

Here, Plaintiffs' breach of contract claims are factually distinguishable from their FLSA overtime compensation claims. In Count Four, Plaintiffs are suing for Allied's failure to pay its employees owed commissions and/or non-discretionary bonuses in connection with the performance of "mini-audits" and installation agreements. Such claims are factually

13

distinguishable from Plaintiffs' unpaid overtime wages claims in Count One because employees need not necessarily work overtime to conduct a "mini-audit" or complete an installation agreement. Further, Plaintiffs' breach of contract claim seeks relief that is unavailable under the FLSA because unpaid commissions cannot be recovered under the FLSA. See Collins v. ARP Renovations & Maint., LLC, 2018 WL 1293153, *4 (D.N.J. Mar. 13, 2018) (noting that unpaid commissions cannot be recovered under the FLSA).

The FLSA does not preempt the breach of contract claims in Count Four of the Amended Complaint because a claim for owed commissions and/or non-discretionary bonuses is factually distinguishable from an overtime compensation claim under the FLSA. Defendant's motion to dismiss Count Four will be denied.

### C. As Currently Pled, the Amended Complaint Fails to State a Claim on Behalf of Auditors

Defendant also argues that the Amended Complaint fails to state a claim on behalf of Auditors because the pleading is factually deficient. [Docket Item 19 at 16-18.] In response, Plaintiffs argue that they "have sufficiently alleged that the Auditors were subjected to the same illicit payment scheme . . . and the Court need not at this pre-discovery stage of litigation decide whether such individuals were similarly situated, or whether common issues predominate over their claims." [Docket Item 21 at 9.]

14

To satisfy the commonality requirement of Fed. R. Civ. P. 23(a), named plaintiffs must demonstrate that their claim shares a common question of law or fact with the putative class. Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 353 (2011) (citing Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147 (1982)). At the pre-discovery, motion to dismiss stage, courts typically exercise deference to class action pleadings when the pleadings minimally indicate that the requirements of Fed. R. Civ. P. 23 can be satisfied, and dismissal of class action allegations prior to discovery should be ordered only "in those rare cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met." Clark v. McDonald's Corp., 213 F.R.D. 198, 205 n.3 (D.N.J. 2003). However, "legal conclusions and recitals of the elements of a cause of action supported by mere conclusory statements" will not suffice. Davis v. Wells Fargo, 824 F.3d 333, 341 (3d Cir. 2016) (internal citation omitted).

Named Plaintiffs seek to represent "Collective Action Plaintiffs," which the Amended Complaint defines as: "a class of all persons presently and formerly employed by Defendants who worked/work for Defendants as Community Representatives, Surveyors, Technicians, and in similar capacities . . . ." (Am. Compl. at ¶ 17.) Notably, the Collective Action Plaintiffs do not include Auditors, unless the Amended Complaint otherwise

15

sufficiently alleged that Auditors at Allied function "in similar capacities" to Community Representatives, Surveyors, and/or Technicians, to satisfy the Fed. R. Civ. P. 23(a) "commonality" requirement at the motion to dismiss stage.[7] But the Court cannot discern from the Amended Complaint whether this might be true. In fact, the Amended Complaint barely mentions Auditors at all (only three times, in total). And, as Defendant correctly points out, only one paragraph in the entire Amended Complaint sets forth a "factual averment regarding Auditors" [Docket Item 19 at 16], namely Paragraph 45, which alleges that:

> Auditors attend appointments that had previously been scheduled by Defendants' Technicians in order to perform energy efficiency assessments and energy efficiency audits on potential customers' homes. Once a customized assessment has been made, Defendants' Auditors obtain installation agreements from homeowners, permitting Defendants to provide services to same and to complete the paperwork required to assure that customers' homes qualify for the government incentive programs that Defendants promote.

(Am. Compl. at ¶ 45.) The Amended Complaint does not set forth any details regarding Auditors' wages or hours, nor does the

---

[7] Curiously, Plaintiffs' FLSA collective action claims are brought on behalf of "all persons who performed/perform work as Community Representatives, Surveyors, Technicians, and in similar capacities . . . ," (Am. Compl. at ¶ 16), while the remaining class action allegations are brought on behalf of "all persons presently and formerly employed by Defendants who worked/work for Defendants as Community, Representatives, Technicians, **Auditors**, or in similar capacities . . . ." (id. at ¶ 27) (emphasis added). As such, the Auditors' hypothetical FLSA claims will not be addressed here because they have not been pled.

Amended Complaint allege any specific facts that indicate Auditors were uncompensated for overtime work performed or owed commissions and/or non-discretionary bonuses at all (let alone, in the same manner as Named Plaintiffs).

It is certainly possible that DiSantis, a former Technician, and Hunter, a former Community Representative, might be able to allege common questions of fact between themselves and unnamed Auditors who worked for Allied. However, as currently pled, any allegations of commonality for purposes of Fed. R. Civ. P. 23(a) appear to be no more than conclusory statements that Allied's alleged policy of improper compensation applied to all employees, including Auditors. Simply, Plaintiffs have not adequately alleged common questions of fact between the Named Plaintiffs and unnamed Auditors for the NJWPL and NJWHL class action claims.

For the foregoing reasons, the claims in the Amended Complaint brought on behalf of the Auditors will be dismissed. Because it is not clear that amendment would be futile in its ability to address the above deficiencies of the present pleading, the Court will dismiss these claims without prejudice. Plaintiffs may file a motion for leave to file a Second Amended Complaint that clarifies the Auditors' allegations and plausibly

alleges common questions of fact between the Named Plaintiffs and unnamed Auditors.[8]

## V. CONCLUSION

For the foregoing reasons, the Court will deny Defendant's first two motions, but grant in part Defendant's third motion and dismiss the claims on behalf of the Auditors without prejudice. Plaintiffs may file a motion for leave to amend the Amended Complaint to address the deficiencies noted herein only within 14 days from the entry of this Opinion and Order upon the docket. Defendant must also file its Answer to the Amended Complaint within 14 days from the entry of this Opinion and Order upon the docket. An accompanying Order will follow.

**July 31, 2018**         **s/ Jerome B. Simandle**
Date                      JEROME B. SIMANDLE
                          U.S. District Judge

---

[8] In its third motion to dismiss, Defendant argued that Plaintiffs lack standing to bring claims on behalf of unnamed Auditors. [Docket Item 19 at 13-16.] Because Plaintiffs' claims brought on behalf of the Auditors will be dismissed without prejudice, and since Plaintiffs advanced different arguments about standing to assert unpaid wage claims on behalf of Auditors pursuant to Fed. R. Civ. P. 23, and those claims brought under the FLSA [Docket Item 21 at 9-16], the Court will not address standing at this time. Should Plaintiffs seek leave to amend the Amended Complaint with respect to Auditors, Plaintiffs must satisfy all Article III standing requirements. See generally In re Horizon Healthcare Servs. Inc. Data Breach Litig., 846 F.3d 625 (3d Cir. 2017).