# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN DISANTIS, *et al.*

    Plaintiffs,

v.

ALLIED CONSTRUCTION, LLC, *et al.*,

    Defendants.

No. 1:17-cv-11379-JBS-KMW

## BRIEF IN SUPPORT OF JOINT MOTION FOR JUDGMENT

By:   Travis B. Martindale-Jarvis, Esq.

**Swartz Swidler, LLC**
Attorneys for Plaintiffs

i

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................. 1

II. ANALYSIS .......................................................................................................................... 2

III. CONCLUSION .................................................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*Brumley v. Camin Cargo Control*, Inc., 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012) ... 2

*Cuttic v. Crozer Chester Med. Ctr*, 868 F.Supp.2d 464 (E.D. Pa. 2012) ....................................... 2

*Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960 (5th Cir. 1947) ..................................... 2

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982) ................................... 2

**Statutes**

29 U.S.C. § 207(a)(1) ................................................................................................................. 1

Plaintiff John DiSantis (hereinafter "Plaintiff DiSantis") and Victor Hunter (hereinafter "Plaintiff Hunter") and Defendant Allied Construction, LLC (hereinafter "Defendant"), by and through undersigned counsel, hereby file this Joint Motion for Judgment.

## I.   BACKGROUND

Plaintiffs filed this lawsuit alleging violations of the Fair Labor Standards Act ("FLSA"), the New Jersey State Wage and Hour Law ("NJWHL"), and the New Jersey Wage Payment Law ("NJWPL") and Plaintiffs' common law rights. The FLSA and NJWHL require employers to pay employees at a rate of one-and-a-half times their regular rate for all hours worked in excess of 40 hours in a workweek. 29 U.S.C. § 207(a)(1). Plaintiffs assert that Defendant violated the FLSA and NJWHL failed to pay them overtime wages when they worked more than forty (40) hours in a workweek. Plaintiffs further assert that Defendant violated the NJWPL and New Jersey common law by failing to pay them all earned commissions and/or earned non-discretionary bonuses that they earned.

Defendant denies that any such pay practice existed and further contends that Plaintiffs were exempt from the overtime provisions of the applicable state and federal wage laws. Defendant further denies that Plaintiffs were not paid any commissions and/or non-discretionary wages that they were owed.

In or around November of 2018, Plaintiff DiSantis and Defendant's former owner, Hal Pattalino, engaged in significant and serious arm's-lengths negotiations regarding the possible settlement of Plaintiffs' claims. After considerable discussion between those individuals concerning the relative merits and damages involved in the litigation, Plaintiff DiSantis and Defendant reached a resolution in this matter and entered into a Settlement Agreement resolving Plaintiffs' claims. *See* DiSantis Settlement Agreement, *attached hereto as* Exhibit 1.

Since May of 2018 Defendant and Mr. Hunter have engaged in significant and serious arm's-length negotiations regarding the possible settlement of Mr. Hunter's claims. After exchanging information on the relative merits and damages involved in the litigation, the parties have reached a resolution of this matter and entered into a Settlement Agreement that reflects a fair and reasonable compromise of his claims. *See* Hunter Settlement Agreement, *attached hereto as* Exhibit 2.

The parties respectfully request that the Court enter a judgment for Plaintiffs pursuant to the terms of the proposed Order, a copy of which is attached to this Brief.

## II.    ANALYSIS

As discussed more fully below, the settlement between Plaintiffs and Defendant settled a bona fide dispute between the parties and was not the result of any collusion, and instead was the result of good faith settlement negotiations.

When employees bring an action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *Cuttic v. Crozer Chester Med. Ctr*, 868 F.Supp.2d 464, 466 (E.D. Pa. 2012); *Brumley v. Camin Cargo Control*, Inc., 2012 U.S. Dist. LEXIS 40599, *4-5 (D.N.J. Mar. 26, 2012). Settlements are permissible in the context of a suit brought by an employee under the FLSA for back wages because the initiation of a lawsuit provides assurance of an adversarial context.

The district court's entry of stipulated judgment following review and approval of the parties' proposed settlement serves to bar future litigation between the parties with respect to the same alleged violations or claims under the FLSA. *Jarrard v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1947).

In the instant matter, Plaintiffs filed a Complaint alleging violations of the FLSA's overtime provisions. During Plaintiffs' employment with Defendant, Plaintiffs assisted Defendant's customers in making their homes more energy efficient by performing energy efficiency assessments on the homes in order to develop a customized home performance and energy savings program for Defendant's customers. Plaintiffs contend that Defendant required Plaintiffs to travel to Defendant's customer's homes in order to complete their work for Plaintiffs and that said work took, on average, fifty hours to complete each week. Plaintiffs further allege that Defendant failed to compensate Plaintiffs one and one-half times their regular rate of pay when their work time exceeded forty hours in one workweek.

Plaintiffs further contend that, during their employment with Defendant, Defendant compensated Plaintiffs, in part, by providing them commissions and/or non-discretionary bonuses for certain achievements. Plaintiffs allege that Defendant failed to compensate Plaintiffs for all earned commissions and non-discretionary bonuses that they earned by failing to pay them for certain "mini-audits" that Plaintiffs completed on Defendant's customers' homes, in violation of the NJWPL.

Defendant denies the alleged practice of not paying Plaintiffs overtime compensation violates New Jersey or Federal wage laws because Plaintiffs were exempt from overtime payments. Defendant further contends that Defendant paid Plaintiffs all commissions and non-discretionary bonuses to which they were entitled. Accordingly, Defendant asserts that Plaintiffs are not entitled to any additional payment of wages for their time spent working for Defendant.

Plaintiffs' counsel's firm has substantial experience litigating claims under the FLSA. *See* Affidavit of Travis B. Martindale-Jarvis, Esq., attached hereto as Exhibit 3. Neither Plaintiff nor Defendant view prevailing in the litigation as a certainty. Accordingly, taking into account

the uncertainty and risks inherent in litigation, as well as the protracted and time-consuming nature of pursuing this litigation further, the parties have decided it is desirable and beneficial that the litigation be settled and that the proposed Order and Judgment (Exhibits A and B to Exhibit 1 to this document) be entered.

Plaintiffs and Defendant engaged in arm's-length settlement negotiations. The resulting agreement represents a good faith settlement of this litigation. Plaintiffs' counsel has considered the potential value of Plaintiffs' claims and has determined that the proposed settlement terms reflect a fair, adequate and reasonable settlement for his clients in all respects.

### III.  CONCLUSION

For the reasons stated above, it is requested that the proposed Order and Judgment be entered.

| SWARTZ SWIDLER LLC | STEVENS & LEE, P.C. |
|---|---|
| By: */s/ Travis B. Martindale-Jarvis*<br>Travis B. Martindale-Jarvis, Esq.<br>Joshua S. Boyette, Esquire<br>1101 Kings Highway North, Suite 402<br>Cherry Hill, NJ  08034<br>Tel: (856) 685-7420<br>*Attorneys for Plaintiffs* | By:_____<br>Matthew Green, Esq.<br>Obermayer, Rebmann, Maxwell & Hippell, LLP<br>1500 Market Street, Suite 3400<br>Philadelphia, PA 19102<br>*Attorneys for Defendants* |

Dated:  June 14, 2019